GANDÍA, PETITIONER, *v.* TEXIDOR, DISTRICT JUDGE, RESPONDENT (PORTO RICO FERTILIZER COMPANY, INTERVENOR).

Petition for a Writ of Certiorari to the District Court of San Juan, Section 1, in an Action to Recover Dividends.

No. 205.—Decided December 14, 1917.

ORDERS—JURISDICTION.—The power of a district court to modify the orders pending before it, especially before final judgment, is necessarily plenary and the primary inquiry always is whether the order as it finally stands is in the interest of law and justice.

ID.—CERTIORARI—INSPECTION OF BOOKS—DISCRETION OF COURT.—It is doubtful whether an order amending previous orders made in accordance with section 314 of the Code of Civil Procedure and limiting the inspection by the plaintiff of the books of the defendant corporation in a suit to recover certain dividends alleged to have been declared in his favor in said books to the items entered therein up to the date of the filing of the complaint is proper matter for review by certiorari, for the action of the court involves a matter of discretion rather than a question of procedure as defined by the law of certiorari.

INSPECTION OF BOOKS—SHOWING OF NECESSITY.—The rule is that the plaintiff may inspect the entries made in the books of a defendant partnership, or the like, after the filing of the complaint in which he has an interest when such entries are related to the facts alleged in the complaint; but he must first show the necessity and materiality of such inspection.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the petitioner.

*Mr. Salvador Mestre, fiscal,* for the respondent.

*Messrs. Cayetano Coll y Cuchí* and *Eugenio Benítez Castaño* for the intervenors.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner, Pedro Gandía Córdova, complainant in a suit before the District Court of San Juan to recover certain dividends which he maintained had been declared in his favor on the books of the Porto Rico Fertilizer Company, obtained an order from the District Court of San Juan to inspect the books of the company, relying on section 314 of the Code of Civil Procedure. During the progress of the proceedings there was no single judge who continuously sat in the case, but by reason of the changes in the personnel different judges made orders herein. There were numerous moves and counter-moves by the parties in the case, and the petitioner was required to present an affidavit particularizing the books he wanted to inspect. Finally, petitioner obtained from the court an order to inspect certain books which had been described in an amended affidavit filed by him. The order to inspect the books was unlimited as to time. After some show of opposition on the part of the defendant, the real respondent herein, the latter came into court and asked for a modification of the general order limiting the time of inspection to the date of the complaint. When this application was made to the court the judge who had finally made a general order of inspection had been substituted by Judge Texidor, and the latter acceded to the petition of the respondent and limited the inspection to the date mentioned in the complaint. It is to review this last-named order that the application for a writ of certiorari was brought.

The petitioner maintains that the previous orders of the District Court of San Juan fixed the right of the petitioner to inspect the books and that Judge Texidor had no power or authority to modify the same, inasmuch as the petitioner had obtained an acquired right to inspect them. We shall not discuss at great length the power of a district court to modify the orders pending before it, especially before final judgment. The power is necessarily plenary and the primary inquiry

always is whether the order as it finally stands is in the interest of law and justice. Incidentally, we may say that the Attorney General of Porto Rico, through the *fiscal* of this court, appeared at the hearing to represent the judge, the nominal respondent in this case. We do not understand the necessity for such an appearance in a suit between private parties where no special public interest was involved.

The petitioner insists that for the object of proving his complaint he should have been given greater latitude in the inspection of the books and that the limitation of dates, and especially of the date of the complaint, makes the inspection order as permitted by the court illusory and of no value to him. We are not entirely clear, assuming as we have the power of the court to modify its action, that an order refusing or granting permission to inspect books is proper matter for a review by certiorari. The applicant made a petition for an inspection of the books, the court granted it finally with restrictions and the action of the court involved a matter of discretion rather than a question of procedure as defined by the law of certiorari.

Assuming, however, that we have the necessary authority, we fail to find that the petitioner, either in his complaint or in his affidavit, made it appear that an inspection of the books of the Porto Rico Fertilizer Company was necessary or material to him for a date beyond the filing of the complaint. The complaint sets up that the first declaration of dividends took place in June of 1916 and that by reason of that dividend $8,234.06 belonged to the petitioner and remained at his disposition in the treasury of the defendant-respondent; that thereafter the firm of Gandía & Stubbe was dissolved, and that the petitioner sold to said Stubbe the 60 shares that he had in the stock of the Porto Rico Fertilizer Company, but that the said dividend of $8,234.06 was always at the disposition of the petitioner. The complaint also alleges that the

complainant is informed and believes that the said 60 shares were treated as if they were property of Gandía & Stubbe and were retained by the corporation respondent for the purposes of the liquidation of Gandía & Stubbe. We find nothing in the complaint that demostrated why an inspection of the books was necessary for a date later than the filing of the complaint; nor did the subsequent affidavits or proceedings clear up this point. The effect of the affidavit filed by the petitioner was only to specify the particular books that he wanted.

The complainant had been the president of the Porto Rico Fertilizer Company and knew and had an interest in all the proceedings and the property of the corporation up to the time of his retirement. Yet, nevertheless, we agree with the court below that the complainant did not make it apparent that an inspection of the books of the company for a period later than the date of the complaint was necessary. There is some slight ambiguity in the final order of the court below which might make it appear that it had an idea that complainant may never inspect books for a period later than the date of the complaint. The rule is necessarily otherwise in partnership and similar matters and in any other case where the wrong complained of is a continuing one. We think, however, that the court merely meant that neither the complaint nor the proceedings made it appear that an inspection of the books of the company was necessary for a period beyond the date of the complaint.

Under the state of the record and of the issues, we see no reason to disturb the order of the court and the writ of certiorari must be annulled.

*Petition denied.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.